**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LESTER ALEXANDER,

       Plaintiff - Appellant,

v.

PUSHMATAHA COUNTY/TOWN OF
ANTLERS HOSPITAL AUTHORITY,
a political subdivision; JACK
FRANKS, in his individual and
official capacity as County
Commissioner for Pushmataha County;
JACKY DELLINGER, in his
individual and official capacity as
former Chairman of the Board of
Trustees for the Pushmataha
County/Town of Antlers Hospital;
LARRY JOSLIN, in his individual and
official capacity as former Vice-
Chairman of the Board of Trustees for
the Pushmataha County/Town of
Antlers Hospital Authority; GLENN E.
COX, in his individual and official
capacity as former Secretary of the
Board of Trustees for the Pushmataha
County/Town of Antlers Hospital
Authority,

       Defendants - Appellees.

No. 02-7041
(D.C. No. 01-CV-419-S)
(E.D. Oklahoma)

---

## ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON** and **MURPHY**, Circuit Judges.[**]

Plaintiff-Appellant Lester Alexander filed suit against Defendants-Appellees Pushmataha County/Town of Antlers Hospital Authority and individual members of the Board of Trustees for the Hospital Authority pursuant to 28 U.S.C. § 1983, contending that termination of Plaintiff's employment as Hospital Administrator violated his First and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's entry of summary judgment in favor of Defendants.

## Background

Plaintiff was employed as Hospital Administrator of the Pushmataha County/Town of Antlers Hospital from February 1990 until July 26, 1999. An

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

audit conducted by the Auditor and Inspector of the State of Oklahoma in 1997 revealed financial discrepancies and raised questions about the performance of Plaintiff as Hospital Administrator. Aplt. App. at 54-69. Following misdemeanor charges (later dropped) against Plaintiff and adverse publicity, the Board moved to terminate Plaintiff in 1998, but the motion failed by one vote. The Board moved again to terminate Plaintiff on July 26, 1999, and voted to do so by a three to one vote.

Five days before the Board's meeting, Plaintiff wrote a letter to the district attorney accusing the Board of violating the Oklahoma Open Meetings Act by failing to post proper and timely notice of a meeting. Plaintiff alleges that this letter precipitated his termination and thereby constitutes retaliatory discharge in violation of his First Amendment rights. Plaintiff also claims that, upon applying for a position with another hospital, he was told that derogatory comments about him were being circulated. According to Plaintiff, he has a protected liberty interest in his good name and reputation as related to his profession, and the derogatory comments violate his Fourteenth Amendment substantive due process rights. Finally, Plaintiff claims he was denied his Fourteenth Amendment right to procedural due process when he was terminated without adequate due process.

<u>Discussion</u>

We review the district court's grant of summary judgment de novo, applying the same standard applied by the district court. <u>Amro v. Boeing Co.</u>, 232 F.3d 790, 796 (10th Cir.2000). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence and draw any inferences in the light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence that would require submission of the case to the jury. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986).

A.    First Amendment Claim

Alexander claims that he is entitled to relief under § 1983 because Defendants terminated him in retaliation for "whistle blowing" speech that was protected under the First Amendment. Following <u>Pickering v. Bd. of Educ.</u>, 391 U.S. 563 (1968), and <u>Connick v. Myers</u>, 461 U.S. 138 (1983), we have set forth a four-step test for such a claim. First, we "determine whether the employee's speech can be fairly characterized as constituting speech on a matter of public concern." <u>Clinger v. N.M. Highlands Univ., Bd. of Regents</u>, 215 F.3d 1162, 1165 (10th Cir. 2000) (citations and internal quotations omitted). Second, we "balance

the employee's interest, as a citizen, in commenting upon matters of public concern against the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." Id. at 1165-66 (citations and internal quotations omitted). Third, "[i]f the balance tips in favor of the employee, the employee next must prove that the protected speech was a substantial factor or a motivating factor in the detrimental employment decision." Id. at 1166 (citation omitted). Finally, "[i]f the employee makes this showing, then the burden shifts to the employer to show that it would have made the same employment decision in the absence of the protected speech." Id. The "first two questions are legal in nature and must be resolved by the court," but the third and fourth questions "concern causation and are properly resolved by the factfinder." Id.

Even if we were to assume that Plaintiff's letter to the district attorney constituted speech on a matter of public concern and that the balance between the hospital's interest in efficient public service and Plaintiff's interest in commenting on matters of public concern weighed in Plaintiff's favor, summary judgment was properly granted on Plaintiff's First Amendment claim. Plaintiff has produced no evidence, apart from an assertion by his own attorney, that the letter to the district attorney was "a substantial factor or a motivating factor" in his termination. Plaintiff is correct that the third element of the Pickering test

("substantial or motivating factor in the detrimental employment decision") is a "factual decision," Aplt. Br. at 18, but that does not mandate that every such claim must be submitted to the jury and that summary judgment was improper; "[a] dispute about a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (citations and internal quotations omitted). Where, as here, the plaintiff fails to raise a genuine issue as to the material fact of whether the speech was a substantial or motivating factor in his termination, then summary judgment is properly granted. A review of the record generally and the deposition testimony of the Board members and Plaintiff specifically raises no such genuine issue.

B.      Fourteenth Amendment Procedural Due Process

A public employee's constitutional right to procedural due process is implicated only where the employee has a protected property interest in continued employment and was denied constitutionally adequate due process. Property interests are created by independent, non-constitutional sources, such as state law or contractual provisions. See Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972).

Plaintiff here did not have a protected property interest in his continued employment as the Hospital Administrator, for (a) Plaintiff did not have a written employment contract with the hospital, and (b) the express provisions of the

Policy and Procedure Regulations promulgated by the Hospital rendered Plaintiff an at-will employee. Oklahoma law states that employment without a written contract and for an indefinite period can be terminated at will by either party with or without cause. See Burke v. K-Mart, 770 P.2d 24, 26 (Okla. 1989). Without a property interest in continued employment, the constitutional safeguards of procedural due process do not apply.

C.    Fourteenth Amendment Substantive Due Process

In order to show that statements by Defendants infringed on Plaintiff's liberty interest, he must show that (a) "the statements . . . impugn[ed] [his] good name, reputation, honor, or integrity," (b) the statements were false, (c) the "statements . . .occur[red] in the course of terminating the employee or must foreclose other employment opportunities," and (d) the statements were published. Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 578-79 (10th Cir. 1996).

We find here that Plaintiff has not provided a "sufficient showing of false stigmatizing statements entangled with his interest in employment." Workman v. Jordan, 32 F.3d 475, 481 (10th Cir. 1994). Plaintiff can recall neither the content nor the source of the statements. Because Plaintiff cannot even recall who told him that derogatory statements were being made about him, "there is," as the district court noted, "absolutely no way of knowing if the alleged statements

involved plaintiff's good name, reputation or integrity." Aplt. App. at 816. Such a dearth of evidence fails to raise a genuine issue of material fact as to Plaintiff's substantive due process claim.

<u>Conclusion</u>

For the foregoing reasons, the grant of summary judgment by the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge